Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ÁNGEL L. TAPIA FRANCO<br><br>Parte Apelada<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA DE PUERTO RICO, ESTADO LIBRE ASOCIADO DE PUERTO RICO/SECRETARIO DE JUSTICIA<br><br>Parte Apelante | TA2026AP00110 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Vieques<br><br>Caso núm.: VQ2024CV00032<br><br>Sobre: Petición/Revisión Portación sobre Ley de Armas |
|---|---|---|

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de marzo de 2026.

El 30 de enero de 2025, el Gobierno de Puerto Rico (el Estado o la parte apelante) presentó ante nos un recurso de *Apelación* en el que solicitó que revoquemos la *Sentencia Final* emitida y notificada el 24 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Vieques (TPI o foro primario).[1]

En el aludido dictamen, el foro primario revocó la denegatoria del Negociado de la Policía de Puerto Rico (NPPR) en no conceder la Licencia de Armas solicitada por el señor Ángel L. Tapia Franco (el señor Tapia Franco o el apelado).

El 3 de febrero de 2026, emitimos una *Resolución* en la que le concedimos hasta el 3 de marzo de 2026, para que compareciera el apelado, de lo contrario procederíamos a resolver el caso. Así pues,

---

[1] Entrada Núm. 33 del caso VQ2024CV00032 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

ante la incomparecencia del señor Tapia Franco, atenderemos el recurso.

Consecuentemente, procederemos a resolver el caso de autos sin la comparecencia del señor Tapia Franco.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

**I.**

El caso de autos tiene su origen el 13 de marzo de 2024, cuando el señor Tapia Franco instó una *Demanda al amparo del Art. 2.02 de la Ley de Armas de 2020* en la que alegó que, el 3 de enero de 2024, el NPPR le cursó una misiva en la que le denegó la licencia de armas solicitada por este.[2] Adujo que, el NPPR le denegó su solicitud al amparo del Art. 2.09 de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, 25 LPRA sec. 462h (en adelante, Ley de Armas). Ante ello, radicó una reconsideración en la que disputó que, no tenía un impedimento legal para poseer una licencia de armas.

Transcurrido el término que tenía el NPPR para responder la reconsideración, el apelado presentó la *Demanda* ante el foro primario. En lo pertinente, el señor Tapia Franco argumentó que, no ha incurrido en los delitos que impiden conceder una licencia de armas al amparo del Art. 2.09 de la Ley de Armas, *supra* sec. 462h y, por tanto, puede poseer una licencia de armas. Asimismo, arguyó que, su certificado de antecedentes penales es uno negativo. Consecuentemente, alegó que no procede la denegatoria de la licencia de armas solicitada.

Así las cosas, el 29 de agosto de 2024, el Estado, en representación del NPPR, radicó una *Contestación a demanda* en la que, negó en su mayoría las alegaciones contenidas en la *Demanda*.[3]

---

[2] Entrada Núm. 1 del caso VQ2024CV00032 en SUMAC.
[3] Entrada Núm. 11 del caso VQ2024CV00032 en SUMAC.

Además, sostuvo que, tras examinar el historial del apelado, surgió que, este incidió en cometer ciertos delitos que, en virtud de lo establecido en el Art. 2.09 de la Ley de Armas, *supra,* este no puede obtener una licencia de armas. Ello, pues a tenor con el citado estatuto, las convicciones anteriores del señor Tapia Franco, impiden que este pueda tener una licencia de armas. Por ende, ante las convicciones anteriores, el señor Tapia Franco no podía ostentar una licencia de armas.

Tras diversos trámites procesales, el 22 de enero de 2025, la parte apelante instó una *Moción de desestimación y/o sentencia sumaria* en la que esbozó seis (6) hechos en los que no existía controversia.[4] Argumentó que, el señor Tapia Franco fue encontrado culpable por violentar el Art. 4 de la derogada Ley 17-1951, 25 LPRA sec. 411, *et. seq*, y el Art. 93 del derogado Código Penal de 1974, 33 LPRA sec. 4032. Incluso, aunque el apelado tenía un expediente negativo de antecedentes penales para poder ostentar una licencia de armas, este fue convicto por un delito menos grave que conllevaba violencia y una violación a la anterior Ley de Armas. Así pues, el apelado incumplió con los requisitos exigidos en el Art. 2.09 de la Ley de Armas, *supra,* toda vez que cometió delitos que impiden la concesión de la licencia de armas.

En respuesta, el 7 de marzo de 2025, el señor Tapia Franco presentó una *Moción en oposición a solicitud de desestimación y/o sentencia sumaria* en la que adujo que, la controversia no podía disponerse, de forma sumaria, toda vez que, existe controversia en cuanto a si el NPPR puede considerar convicciones eliminadas para la expedición de la licencia de armas.[5] Alegó que, la convicción previa no puede ser considerada por el NPPR para la concesión de la Ley de Armas, *supra.* Ello, pues su Certificado de Antecedentes

---

[4] Entrada Núm. 19 del caso VQ2024CV00032 en SUMAC.
[5] Entrada Núm. 23 del caso VQ2024CV00032 en SUMAC.

Penales era negativo puesto que eliminó las convicciones anteriores. Por ende, no procedía la desestimación del caso o disponer sumariamente de la controversia.

Con ello, el 11 de julio de 2025, el TPI celebró una vista argumentativa en la que evaluó las posturas de ambas partes con respecto a la *Moción de desestimación y/o sentencia sumaria* y su oposición.[6]

Luego, el 24 de octubre de 2025, el foro primario emitió una *Sentencia Final*[7] en la que formuló las siguientes determinaciones de hechos:

> 1. El peticionario presentó ante el NPPR, una solicitud de Licencia de Armas, en virtud de la Ley de Armas de 2020, Ley Núm. 168-2019.
> 2. Mediante carta del 3 de enero de 2024, el NPPR denegó la Licencia de Armas solicitada, en virtud del Artículo 2.09 de la Ley Núm. 168-2019, supra.
> 3. El 18 de agosto de 1981, el peticionario fue declarado culpable de violación a la antigua Ley de Armas y por el Artículo 95 del Código Penal. El Tribunal de Vieques dictó Sentencia de conformidad, en el caso Pueblo de Puerto Rico v Ángel Tapia Franco, 81-39 y 81-38.
> 4. Posteriormente, el peticionario eliminó tales convicciones de su expediente criminal.
> 5. Alegaron que a esta fecha, el señor Tapia Franco, no cumple con los requisitos para ser acreedor de la Licencia de Armas.

El *foro a quo* concluyó que, los delitos por los que el señor Tapia Franco fue convicto fueron eliminados y, por tanto, no forman parte de los delitos que el NPPR está inhabilitado de conceder la licencia de armas. Con ello, el TPI razonó que, los Tribunales no pueden considerar convicciones anteriores para denegar una solicitud de la Ley de Armas, *supra*. Consecuentemente, revocó la *Determinación* recurrida y ordenó la expedición de la licencia de armas.

Insatisfecho, el 10 de noviembre de 2025, el Estado presentó una *Moción de reconsideración* en la que ripostó que, el derecho a

---

[6] Entrada Núm. 28 del caso VQ2024CV00032 en SUMAC.
[7] Entrada Núm. 33 del caso VQ2024CV00032 en SUMAC.

poseer un arma de fuego es regulado por el Estado.[8] A esos fines, el señor Tapia Franco fue convicto por violación a la derogada Ley de Armas y el delito de agresión agravada. Por tanto, arguyó que, a tenor con el Art. 2.09 de la Ley de Armas, *supra*, una persona que haya sido convicta por infringir la derogada Ley de Armas, *supra*, y un delito menos grave de naturaleza violenta no puede poseer una licencia de armas. Consecuentemente, la denegatoria de la licencia de armas fue fundamentada en que tenía una convicción previa bajo los citados delitos.

El 1 de diciembre de 2025, el TPI emitió una Orden en la que declaró No Ha Lugar la *Moción de reconsideración*.[9]

Inconforme, la parte apelante instó ante nos una *Apelación* en la que coligió el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al revocar la determinación del PPR que denegó la solicitud de la licencia de armas del señor Tapia Franco de conformidad con el Artículo 2.09 de la Ley Núm. 168-2019, el cual impide la concesión de una licencia de armas a una persona que haya sido convicta por violación a la ley de armas anterior y por delito menos grave que conlleve violencia, el cual resultó de la investigación en los archivos digitales.

Habiendo transcurrido el término concedido a la parte apelada para comparecer sin haberlo hecho, procederemos a resolver.

## II.

### A.

La Segunda Enmienda de la Constitución de Estados Unidos consagra el derecho de las personas a poseer y portar armas de fuego. Enmda. II, Const. EE. UU., LPRA, Tomo 1, ed. 2023, pág. 186. Lo anterior, ha sido extendido a los estados al amparo de la Cláusula del Debido Proceso de Ley establecida en la Decimocuarta Enmienda de la Constitución de Estados Unidos. *Pueblo v. Morales Roldán*, 213

---

[8] Entrada Núm. 34 del caso VQ2024CV00032 en SUMAC.
[9] Entrada Núm. 35 del caso VQ2024CV00032 en SUMAC.

DPR 1112, 1121 (2024), citando a: *McDonald v. Chicago*, 561 US 742 (2010). Ahora bien, los estados pueden imponer regulaciones y limitaciones. *Pueblo v. Morales Roldán, supra*, pág. 1121, citando a *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 US 1 (2022). El derecho a poseer un arma no es ilimitado ni absoluto, dado que el Estado lo puede regular. *J.H.V v. Negociado de la Policía de Puerto Rico*, 2025 TSPR 139, 217 DPR __ (2025). En *Pueblo v. Rodríguez López et al.*, 210 DPR 752, 776-777 (2022), el Tribunal Supremo expresó que, el estado "deberá establecer que existe un entendido histórico que hace permisible la regulación o limitación que se impugna. Así, de encontrarnos ante tal escenario, corresponde evaluar si las regulaciones modernas e históricas imponen una carga comparable sobre el derecho fundamental a poseer y portar armas para defensa propia, y si dicha carga está igualmente justificada. Se trata, pues, de realizar un análisis histórico y de razonamiento analógico mediante el cual identifiquemos una analogía bien establecida e históricamente representativa". Con ello, el Poder Legislativo aprobó la derogada Ley de Armas de Puerto Rico, Ley Núm. 404-2000, 25 LPRA ant. sec. 455, *et. seq*, a los fines de orientar a las personas autorizadas a manejar un arma de fuego de forma responsable y apercibir a las personas de las consecuencias que acarrean exponerse a los actos criminales mediante el uso de estas. *Pueblo v. Morales Roldán, supra*, pág. 1121.

Luego, el Poder Legislativo aprobó la Ley Núm. 168-2019, *supra*, conocida como la actual Ley de Armas. Así pues, el Art. 2.02 de la Ley de Armas, *supra* sec. 462a, estatuye los requisitos necesarios para que la Oficina de Licencia de Armas expida la licencia de armas. En lo pertinente, el citado artículo, inciso (a) dispone que,

> (2) Tener un expediente negativo de antecedentes penales y no encontrarse acusado y pendiente o en proceso de juicio por algunos de los delitos enumerados

en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, a nivel federal o en cualquier país extranjero.

A esos fines, el Art. 2.02 (d)(3) de la Ley de Armas, *supra,* estatuye que,

(3) A partir de que se acepte la solicitud para la expedición de una licencia de armas, la Oficina de Licencias de Armas, determinará y certificará por escrito si el peticionario cumple o no, con los requisitos establecidos en esta Ley para la expedición de la licencia de armas. Esto deberá lograrse mediante una investigación en los archivos digitales de cualquier agencia gubernamental de Puerto Rico, de Estados Unidos o cualquier subdivisión política de este, de cualquier entidad extranjera o internacional a la que pueda tener acceso, incluyendo los archivos del National Crime Information Center (NCIC), del National Instant Criminal Background Check System (NICS), el Sistema de Información de Justicia Criminal (SIJC-PR) y el Registro Criminal Integrado (RCI).

En esa línea, el referido artículo en el inciso (d)(4), si la Oficina de Licencia de Armas, deniega la solicitud por el promovente incumplir con los requisitos establecidos en la Ley, el peticionario puede solicitar reconsideración dentro del término de quince (15) días siguientes a la denegatoria. De igual forma, de persistir la denegatoria o no emitir algún dictamen, el promovente podrá acudir al Tribunal de Primera Instancia para la revisión de la decisión administrativa. *supra* sec. 462a.

Conviene resaltar que, el Art. 2.09 de la Ley de Armas, *supra* sec. 462h, establece que,

**La Oficina de Licencias de Armas no expedirá licencia de armas, o de haberse expedido se revocará, la licencia de armas de cualquier persona que haya sido convicta, en Puerto Rico, en cualquier otra jurisdicción estadounidense de cualquier delito grave o su tentativa, por delito menos grave que conlleve violencia, por conducta constitutiva de violencia doméstica, según tipificada en la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, o conducta constitutiva de acecho, según tipificada en la Ley 284-1999, según enmendada, ni por conducta constitutiva de maltrato de menores, según tipificada en la Ley 246-2011, según enmendada, "Ley para la Seguridad, Bienestar y Protección de Menores" [Nota: derogada y sustituida por la Ley 57-2023].** En aquellos casos donde la licencia de armas sea revocada, el Comisionado

procederá a ocupar las armas de fuego y/o municiones que posea la persona con licencia de armas. El propietario de las armas de fuego y/o municiones podrá disponer de sus armas de fuego, siempre y cuando no hayan sido usadas en la comisión de un delito, mediante venta, donación, traspaso o cesión a cualquier persona con licencia de armas o de armero vigente. Una persona con licencia de armas podrá voluntariamente consignar las armas de fuego y/o municiones que tenga en su posesión, una vez advenga en conocimiento de que existe una investigación, acusación u orden de protección contra su persona. Tampoco se expedirá licencia alguna a una persona declarada incapaz mental, ebrio habitual o adicto al uso de sustancias controladas por un tribunal con jurisdicción ni a persona alguna que haya sido separada bajo condiciones deshonrosas de las Fuerzas Armadas de Estados Unidos, ni a ninguna persona que haya sido convicta por alguna violación a las disposiciones de esta Ley o de las anteriores Leyes de Armas; o se revocará la licencia expedida si la persona adviniera cualquiera de estas circunstancias.

(Énfasis suplido).

En *J.H.V v. Negociado de la Policía de Puerto Rico*, *supra*, el máximo foro judicial, interpretó que, la Oficina de Licencia de Armas no ostenta discreción para autorizar la posesión de un arma de fuego si en los registros digitales se refleja que la persona solicitante tiene un expediente con convicciones penales. A esos efectos, una persona con una condena previa se le tiene que denegar la solicitud de una licencia de armas. Reiteramos que, el Tribunal Supremo interpretó que, "no tendría sentido que se le requiera al Negociado de la Policía que investigue ciertos archivos si luego no puede considerar el contenido de estos para aprobar o denegar una solicitud de licencia de armas. Por ende, indistintamente de que un antecedente penal aparezca o no en el Certificado provisto a la agencia, el ente administrativo tiene la obligación de denegar una licencia de armas si de los registros investigados se desprende que existen condenas en contra de la persona solicitante". *J.H.V v. Negociado de la Policía de Puerto Rico, supra.*

**B.**

La *Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales*, Ley Núm. 254 de 27 de julio de 1974, según enmendada, 34 LPRA sec. 1725, *et seq.* (Ley Núm. 254-1974) rige el procedimiento para las personas que desean eliminar convicciones de sus expedientes penales. El estatuto le encomendó al Negociado de la Policía del Departamento de Seguridad Pública de Puerto Rico, la expedición de una certificación con respecto a las sentencias condenatorias que surjan archivadas en el expediente "de cada persona que por haber sido sentenciada en cualquier Tribunal de justicia de Puerto Rico, o de cualquier otra jurisdicción local, estatal o federal de los Estados Unidos de América, ya tenga un expediente abierto en dicha dependencia o en cualquier otra dependencia análoga o sistema de datos oficial de cualquier jurisdicción local, estatal o federal de los Estados Unidos de América". El Art. 4 de la Ley Núm. 254-1974, *supra* sec. 1725a-2, preceptúa que,

> Toda persona que haya sido convicta de un delito grave que no esté sujeta al Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso Contra Menores ni al Registro de Personas Convictas por Corrupción, podrá solicitar del Tribunal de Primera Instancia una orden para la eliminación de la convicción del Certificado de Antecedentes Penales, siempre que concurran las siguientes circunstancias: (a) que hayan transcurrido cinco (5) años desde que cumplió la sentencia y durante ese tiempo no haya cometido delito alguno; (b) que tenga buena reputación en la comunidad; y (c) que se haya sometido a la muestra requerida por la Ley del Banco de Datos de ADN, de estar sujeta a ello. El peticionario acompañará los documentos necesarios para probar las alegaciones de su petición. El Ministerio Público podrá oponerse o allanarse a la petición, en cuyo caso no será necesario celebrar vista.

Al respecto, la *Ley del Protocolo para Garantizar la Comunicación efectiva entre los Componentes de Seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia Criminal*, Ley Núm. 143 de 26 de agosto de 2014, según

enmendada, 4 LPRA sec. 533, *et. seq*, (Ley Núm. 143-2014), fue creada para establecer un sistema tecnológico que permita el intercambio de información entre las entidades gubernamentales del Estado con relación a la seguridad pública y aquellas que se encuentren estrechamente relacionadas. Art. 2 de la Ley Núm. 143-2014, *supra* sec. 533. En lo que nos atine, el Art. 8 de la Ley Núm. 143-2014, *supra* sec. 533e, establece que,

> El Comité tomará todas las medidas necesarias para asegurar al máximo posible la seguridad y corrección de toda aquella información que sea recopilada a través del Sistema y para la protección individual de los derechos de privacidad de acuerdo con los principios constitucionales del Estado Libre Asociado. Además, tomará todas las medidas necesarias para asegurarse que no se tendrá en el Sistema de Información de Justicia Criminal dato alguno relativo a la afiliación o actividad política de persona alguna. **Asimismo, tomará todas las medidas necesarias para asegurarse de que todo dato relativo a convicciones cuya eliminación del récord penal de una persona haya sido ordenado por un Tribunal competente sea efectiva y totalmente eliminada del Sistema de Información de Justicia Criminal, incluyendo, pero sin que esto se entienda como una limitación, las memorias de cualesquiera computadoras utilizadas por el Sistema.**
> (Énfasis suplido).

### III.

En su único señalamiento de error, la parte apelante argumentó que, el *foro a quo* erró en revocar la determinación del NPPR toda vez que, no procede la licencia de armas solicitada por el señor Tapia Franco en virtud de que tiene una convicción previa. Ello, pues el señor Tapia Franco cometió un delito grave y menos grave que acarrea violencia. Por tanto, adujo que, el TPI actuó contrario a lo establecido en el Art. 2.09 de la Ley de Armas, *supra*.

Conforme las normas jurídicas pormenorizadas, el derecho a ostentar un arma es uno limitado, no absoluto y el Estado tiene derecho a regular el uso y expedición de una licencia de armas. A esos fines, el Art. 2 de la Ley de Armas, *supra*, promulga los requisitos necesarios para que una persona pueda solicitar una

licencia de armas. No obstante, como parte de los requisitos adicionales de la Ley de Armas, *supra*, el NPPR realiza una investigación exhaustiva sobre los antecedentes del peticionario en aras de salvaguardar la seguridad de la ciudadanía. Con ello, el Art. 2.09 de la Ley de Armas, *supra* sec. 462h, estatuye que, una persona convicta por un delito grave o menos grave que conlleve violencia, no se le expedirá la licencia de armas solicitada.

Por otro lado, resaltamos que, una persona que haya sido convicta podrá solicitar que se le eliminen las convicciones anteriores de cumplir con los términos y requisitos dispuestos en el Art. 4 de la Ley Núm. 254-1974, *supra* sec. 1725a-2.

En lo que nos respecta, esta Curia llevo a cabo un análisis detallado de la controversia ante nos y colige que el foro primario erró en revocar la determinación del NPPR.

El señor Tapia Franco fue convicto de violentar la derogada Ley de Armas, *supra*, y el delito de agresión agravada, Art. 93 del derogado Código Penal de 1974, *supra*. Es decir, respectivamente el señor Tapia Franco fue convicto por cometer un delito grave y un delito menos grave que sobrelleva violencia. A esos efectos, el Art. 2.09 de la Ley de Armas, *supra* sec. 462h, ordena que una persona **convicta** por cometer un delito grave o menos grave de naturaleza violenta, esta impedida de obtener la licencia de armas. Aunque la persona que solicite la licencia de armas tenga una certificación de antecedentes penales negativa, nuestro Tribunal Supremo, en el caso de *J.H.V v. Negociado de la Policía de Puerto Rico*, *supra*, interpretó que, surge palmariamente que, una persona que fue convicta por los delitos que establece el Art. 2.09 de la Ley de Armas, *supra*, no tiene el derecho a tener una licencia de armas. Ello, pese a que tenga una certificación de antecedentes penales negativa. Cónsono con lo anterior, una persona convicta no tiene derecho a ostentar una licencia de armas de haber sido convicta de los delitos

que estatuye el citado artículo, tal como ocurre en el recurso ante nos. Atisbamos que, el derecho a poseer un arma es uno regulado por el Estado en aras de salvaguardar el bienestar de las personas. Ciertamente, el foro primario debió mantener el dictamen emitido por la NPPR toda vez que, el señor Tapia Franco incumple con los requisitos estatutarios para poseer una licencia de armas tras incurrir en cometer los delitos citados en el Art. 2.09 de la Ley de Armas, *supra*, que impiden la expedición de la licencia de arma.

A tenor con lo anterior, esta Curia revoca el dictamen apelado en virtud de que el señor Tapia Franco no puede poseer una licencia de armas al amparo de lo establecido en el Art. 2.09 de la Ley de Armas, *supra*.

**IV.**

Por los fundamentos que anteceden, revocamos la *Sentencia* apelada.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones